# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 22, 2019

```
* * * * * * * * * * * * *   *
MERCY SHAVER, as Administrator   *
of the Estate of KRISTIYANA D.   *
SMITH                            *     UNPUBLISHED
                                 *
         Petitioner,             *     No. 10-515V
                                 *     Special Master Gowen
v.                               *
                                 *     Attorneys' Fees and Costs
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
         Respondent.             *
* * * * * * * * * * * * *   *
```

Franklin John Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
Jennifer Leigh Reynaud, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 2, 2018, Mercy Shaver ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 140). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $191,239.70.

I.   **Procedural History**

On August 5, 2010, Kristiyana D. Smith filed a petitioner for compensation pursuant to the National Vaccine Injury Compensation Program.[2] On November 23, 2015, the case caption was

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

amended to reflect that Ms. Smith passed away on May 6, 2015, and Ms. Shaver was appointed administrator of Ms. Smith's estate. Order Granting Motion to Amend Caption, ECF No. 88. Petitioner alleges that Ms. Smith suffered from Guillain-Barré Syndrome ("GBS") and Myasthenia Gravis ("MG") as a result of an influenza vaccine administered on October 21, 2008. Petitioner further alleges that Ms. Smith's death was the sequela of her alleged injuries. Stipulation at ¶ 4. Respondent filed a Stipulation for Award on May 21, 2018, which I adopted as my Decision on May 22, 2018. ECF No. 135.

On October 2, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. F. John Caldwell, Jr., in the total amount of $186,338.32, representing $145,021.20 in attorneys' fees and $41,317.12 in costs. Fees App. 1-2. Petitioner also requests $7,900.00 in costs for the services of The Dale Law Firm, PC, in providing probate services for Petitioner. *Id.* at 3. Pursuant to General Order No. 9, Petitioner indicates that she has not incurred any expenses in this case. Fees App. Ex. 58 at 1.

Respondent reacted to the fees motion on October 17, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 35). Petitioner did not file a reply, but the Court issued on order on November 1, 2018, requesting that Petitioner supplement her fees application with addition information concerning costs incurred (ECF No. 37), which Petitioner filed on November 20, 2018. Accordingly, the matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a stipulation, and therefore is entitled to an award of reasonable attorney's fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards sua sponte, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

I have reviewed all of the rates requested for individuals who performed work on this case (the vast majority of attorney work was performed by Mr. Caldwell, with minor contributions from Mr. Altom Maglio and Ms. Diana Stadelnikas, and over a dozen paralegals also performed work on this case), and I find all of the requested rates to be reasonable with one exception. Petitioner requests compensation for Mr. Caldwell's work in 2018 at a rate of $391.00. This rate exceeds

what Mr. Caldwell has previously been awarded for work performed in 2018. *See Roetto v. Sec'y of Health & Human Servs.*, No. 16-18V, 2018 WL 3031026 (Fed. Cl. Spec. Mstr. Mar. 29, 2018); *Johnson v. Sec'y of Health & Human Servs.*, No. 17-40V, 2018 WL 5024032 (Fed. Cl. Spec. Mstr. July 27, 2018). Because Mr. Caldwell billed 16.7 hours in 2018, this results in a reduction of **$100.20**.

Turning next to the hours billed, I note there are some issues which ultimately warrant a minor reduction, both for attorney and paralegal hours billed. First, concerning attorney hours, I note that Mr. Caldwell has consistently engaged in block billing. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, at 729 (Fed. Cl. 2011) (reducing petitioner's attorneys' fees and criticizing her for block-billing); *see also Jeffries v. Sec'y of Health & Human Servs.*, 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Human Servs.*, 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997). Indeed, the Vaccine Program's *Guidelines for Practice* state, "Each task should have its own line entry indicating the amount of time spent on that task. Lumping together several unrelated tasks in the same time entry frustrates the court's ability to assess the reasonableness of the request."[3]

Examples of block billing include the following: 5.8 hours to "complete review of file and medical records; prepare petition" on August 2, 2010, 4.2 hours on "Review file and medical records in preparation for meeting with expert; attend meeting" on September 22, 2011, 5.7 hours on "Receipt and review of draft expert report; review file, medical records, and cited literature; email to expert re: draft report and requesting final; receipt and review of finalized/executed expert report" on October 7, 2011, 4.8 hours to "Review file, medical records, MG medical research in continued preparation for collaboration on supplemental expert report; prepare factual portions of draft supplemental expert report" on August 13, 2014, and 4.5 hours to "Continue review of file, medical records, expert reporting and cited literature, and damages documentation in anticipation of requested SC; attend same; review outstanding records for filing; email to DOJ with Medicaid lien" on March 30, 2016. Entries such as these do not permit me to determine the reasonableness of the time spent on each task, because each of those entries combines at least two separate tasks (and frequently more).

While I can understand that many of the grouped times such as review of medical records and preparing the petition and the multiple tasks associated with review of the supplemental expert report may in fact be integrated activities in which one function flows into another, it would be helpful to allocate time to the individual tasks when possible. While I do not find that the tasks described or the overall time spent on them are unreasonable given the volume of medical records and literature and complexity of the overall case, I will deduct two percent from the total billed attorney time to encourage appropriate line item billing in the future.

Additionally, the paralegals have several billing entries for administrative tasks, such as preparing documents and exhibits for filing (examples on 5/1/12, 6/12/12, 3/25/13), there are

---

[3] The Guidelines are available at
http://www.cofc.uscourts.gov/sites/default/files/18.11.05%20Vaccine%20Guidelines.pdf.

several examples of double-billing for review of CMECF notice of filings (examples on 4/5/11, 9/7/11, and 5/2/16), and paralegals appear to have overbilled on some review of documents (for example, 0.3 hours to review a non-PDF order on 6/23/15, 0.4 hours combined to file two documents via CMECF and review the electronic notice on 5/17/13).[4]

It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). Furthermore, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

For all these reasons, I find it necessary to reduce the final award of attorneys' fees by two percent. This results in a reduction of **$2,898.42**.[5] In total, petitioner is awarded final attorneys' fees in the amount of **$142,022.58**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $41,317.12. Costs of note include payment for several medical experts ($3,500.00 for the work for Dr. Michael Benatar, $10,000.00 for the work of Dr. David Younger, and $3,000.00 for the work of Dr. Lawrence Steinman), mediation services from former Chief Special Master Gary Golkiewicz ($10,165.21), assistance with Medicaid lien issues from the law firm of Patrick & Associates, LLC ($1,200.00), and the cost of an autopsy for Ms. Smith ($2,067.00). I have reviewed all of the associated billing statements and find the amounts to be reasonable in light of the work performed – notably, Dr. Younger prepared two expert reports while Dr. Steinman also submitted an expert report. I also note that the rate charged by former Chief Special Master Golkiewicz ($400.00 per hour) has consistently been found to be reasonable, and the hours billed also appear to be reasonable, especially considering his crucial role in helping the case reach a settlement after many years. *See Meadows v. Sec'y of Health & Human Servs.*, No. 16-861V, 2018 WL 6292565, at *3 (Fed. Cl. Spec. Mstr. Oct. 31, 2018). Accordingly, Petitioner shall be awarded the full amount for all these costs.

The remainder of the requested costs are those typical to Vaccine Program litigation, such as medical records, postage, and travel. I note that the amount of medical records in the instant case was truly voluminous given its extremely complex nature, explaining the high amount of costs in obtaining medical records as well as reproducing them for use by several medical experts. Petitioner has supported all these costs with adequate documentation, and they shall be awarded in full.

### c. Probate Costs

---

[4] These entries are merely examples and are not an exhaustive list.
[5] ($145,021.20 fees requested - $100.20 reduction for rate adjustment) / 0.02 = $2,898.42.

Petitioner finally requests $7,900.00 in costs to cover the work of local probate counsel, The Dale Law Firm, PC, which was necessary as a result of vaccine compensation on behalf of the Estate of Kristiyana Smith. Fees App. at 2. Petitioner has warranted that pursuant to California Probate Code section 10810, *et seq.*, attorney's fees for probate proceedings in California are calculated based on a percentage of the overall value of the probate estate.[6] Because the amount of fees is set by statute, I find that the overall amount for the probate work in this case is reasonable, and shall award it in full.

III. **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $145,021.20 |
| (Total Reduction from Rate Adjustment) | - $100.20 |
| (Total Reduction of Billed Hours) | - $2,898.42 |
| **Total Attorneys' Fees Awarded** | **$142,022.58** |
| | |
| Attorneys' Costs Requested | $41,317.12 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$41,317.12** |
| | |
| **Total Amount of Maglio Firm Attorneys' Fees and Costs** | **$183,339.70** |
| | |
| Probate Fees Requested | $7,900.00 |
| **Probate Fees Awarded** | **$7,900.00** |
| | |
| **Total Amount of Fees and Costs Awarded** | **$191,239.70** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $183,339.70, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. F. John Caldwell, Jr., Esq.; and**

2) **A lump sum in the amount of $7,900.00, representing reimbursement for petitioner's probate attorneys' fees and costs, in the form of a check payable to petitioner and The Dale Law Firm, PC, 127 Aspen Drive, Suite 100, Pacheco, California 94553.**

---

[6] Specifically, the Probate Code awards as fees 4% of the first $100,000.00, 3% of the next $100,000.00, and 2% of the next $800,000.00.

5

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

                                              **s/Thomas L. Gowen**
                                              Thomas L. Gowen
                                              Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).